UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ralston Brown,<br>        *Plaintiff*,<br>        *v.*<br>State Farm Fire and Casualty Company,<br>        *Defendant*. | Civil No. 3:11cv1435 (JBA)<br><br>March 11, 2013 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Ralston Brown, proceeding pro se, brought this action against Defendant State Farm Fire and Casualty Company alleging negligent misrepresentation, gross negligence, negligence, obstruction of justice, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and three counts of fraud arising from Defendant's denial of Plaintiff's claim for insurance proceeds and the subsequent litigation regarding that denial.  (*See* Amend. Compl. [Doc. # 40].)  Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant now moves [Doc. # 41] to dismiss the Amended Complaint in its entirety arguing that (1) Plaintiff's claims are barred by the doctrine of res judicata, (2) the Court lacks subject matter jurisdiction in that Plaintiff cannot establish that the amount in controversy exceeds $75,000, (3) the action should be dismissed under the *Colorado River* abstention doctrine, and (4) Plaintiff has failed to state a claim for which relief can be granted.  For the following reasons, Defendant's motion to dismiss is granted.

I.      **Background**

   A.      **Factual Background**

This case arises out of an insurance coverage dispute between the parties. Defendant issued Plaintiff a homeowner's policy covering a house located at 100–102

Harral Avenue, Bridgeport, Connecticut for damage from fire. (*See* Ex. B to Def.'s Mot. to Dismiss.) Defendant also issued a business policy for the same address. (*See* Myers Aff., Ex. to Amend. Compl.) However, the policy listed the incorrect address for the insured location, as Plaintiff did not own a business at 100–102 Harral Avenue. (*See* Amend. Compl.) On March 22, 2006, Defendant sent Plaintiff a cancellation notice, informing Plaintiff that both policies would be cancelled effective April 6, 2006 if the premium payment of $729.85 was not received by that date. (*See* Myers Aff., Ex. to Amend. Compl. ¶ 16.) Plaintiff failed to pay the outstanding balance and the policies were cancelled as of April 6, 2006. (*See id.* ¶ 17.) On April 21, 2006, the dwelling at 100–102 Harral Avenue was destroyed by fire. (*See* Ex. B to Def.'s Mot. to Dismiss, ¶ 4.) Plaintiff suffered property damage and lost rental income as a result of the fire. Defendant refused coverage for these losses under the homeowners and business policies, citing the prior cancellation of those policies. (*See id.* ¶¶ 7–8.)

    **B.**    **Procedural Background**

On April 19, 2007, Plaintiff filed suit against Defendant in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, *see Brown v. State Farm Fire and Casualty Company*, FBT–CV–075008258-S (hereinafter "*Brown I*"), alleging wrongful denial of coverage under the homeowners and business policies. (*See* Ex. B to Def.'s Mot. to Dismiss.) At the time this suit was filed, the parties had conducted discovery and Defendant had filed and fully briefed a motion for summary judgment that had been pending for several months. (*See id.*) Plaintiff's allegations in this action arise in part from the discovery conducted in *Brown I*. Plaintiff alleges that Defendant falsified Plaintiff's insurance applications and policies and that Defendant made false statements regarding these applications and policies in affidavits submitted to the Connecticut

Superior Court. (*See* Amend. Compl.)  Although the parties have failed to keep the Court apprised of the status of *Brown I* since the pending motion was filed, based on a review of Connecticut's electronic court filing system, the Court takes judicial notice of the fact that judgment entered in Defendant's favor after trial on December 24, 2012, and that on January 25, 2013, Plaintiff filed an appeal, which is currently pending.

On May 27, 2011, Plaintiff filed a second suit against Defendant in this District, *see Brown v. State Farm Fire and Casualty Company*, No. 10cv833 (CFD) (hereinafter "*Brown II*"), alleging that Defendant had breached the business policy by denying coverage for the losses resulting from the April 21, 2006 fire. On September 12, 2011 Judge Droney denied Plaintiff's motion to amend his complaint to add a CUTPA claim, holding that the proposed amendment was futile because Plaintiff had not alleged that Defendant committed unfair claim settlement practices with such frequency as to indicate a general business practice. (*See Brown II*, Sept. 12, 2011 Ruling [Doc. # 58].)  On September 20, 2011, Judge Droney granted Defendant's motion for summary judgment, holding that Plaintiff's suit was barred by the suit–limitation clause in the business policy, and denied as futile Plaintiff's second motion to amend his complaint, in which Plaintiff attempted to add many of the claims he asserts in this action. (*See Brown II*, Sept. 20, 2011 Ruling [Doc. # 59].)  On September 16, 2011, several days before judgment entered in favor of Defendant in *Brown II*, Plaintiff filed the present action, in which he attempts for a third time to raise claims against Defendant arising from Defendant's denial of coverage for the April 21, 2006 loss and from the subsequent litigation surrounding that denial.

**II.     Discussion**[1]

Defendant argues that the Amended Complaint should be dismissed in its entirety because (1) Plaintiff's claims are barred by the doctrine of res judicata, (2) the Court lacks subject matter jurisdiction in that Plaintiff cannot establish that the amount in controversy exceeds $75,000, (3) the action should be dismissed under the *Colorado River* abstention doctrine, and (4) Plaintiff has failed to state a claim for which relief can be granted.  Because the Court concludes that this action is barred by the doctrine of res judicata, it will not address Defendant's additional arguments.

Defendant argues that Judge Droney's summary judgment ruling in *Brown II* has preclusive effect on all of Plaintiff's claims.  "The doctrine of res judicata, or claim preclusion, applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action."  *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221–22 (2d Cir. 2012).  The parties do not dispute that the summary judgment opinion in *Brown II* was a final judgment by a court of competent jurisdiction involving the same parties.  However, Plaintiff does argue that Judge

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).  "A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal citations and quotation marks omitted).

Droney's opinion was not "on the merits," and that he did not have a full and fair opportunity to litigate his claims in *Brown II*.

Plaintiff argues that because Judge Droney granted judgment in favor of Defendant on Plaintiff's breach of contract claim on the basis that it was untimely under the suit limitation clause in the business policy, the judgment in *Brown II* was not "on the merits" for purposes of res judicata.  A decision is "on the merits" for res judicata purposes if it "reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction, or form," *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968), and "[b]oth claim preclusion and issue preclusion result from summary judgments that rest on the lack of any genuine issue of material fact going to the merits of a claim or defense."  Charles A. Wright & Arthur R. Miller, et al., 18A *Federal Practice and Procedure* § 4444.  In *Brown II*, Judge Droney addressed the substance of Defendant's defense that Plaintiff's suit was barred by the suit limitation clause in the business policy claim and found that Plaintiff had failed to present a genuine issue of material fact as to whether his failure to bring suit within the contractual limitation period was justified.  (*See Brown II*, Sept. 20, 2011 Ruling at 4–7 & n.7.)  Therefore, the summary judgment opinion in *Brown II* was "on the merits" for purposes of res judicata.

Plaintiff also appears to argue that res judicata should not apply to bar this suit because he did not have a full and fair opportunity to raise his present claims in *Brown II*. "[R]es judicata, or claim preclusion prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided." *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992) (internal quotation marks and citations omitted).  "Whether or not the first

5

judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* (internal quotation marks and citations omitted). Thus, if Plaintiff could have raised his present claims in *Brown II*, they will be barred by the application of res judicata. Plaintiff admits that he in fact attempted to bring many of the claims at issue in this suit in *Brown II*. (*See* Pl.'s Opp'n [Doc. # 44] at 5 ("The plaintiff made several attempts to amend the complaint, however upon a lengthy analyst [sic] of the complaint the court (Judge Droney) concluded that it would be futile to amend the complaint.").)[2] Plaintiff also raised the issue of the alleged false statements made by Defendant when rejecting

---

[2] To the extent that the *Brown II* court denied as futile Plaintiff's motion to amend his complaint to bring some of the claims alleged in the present suit (*see Brown II*, Sept. 20, 2011 Ruling), that decision would also have preclusive effect on those claims. *See Casciani v. Town of Webster*, No. 11–4372–cv, 2012 WL 5416618, at *1 (2d Cir. Nov. 7, 2012) (holding that where the district court considered each claim in the proposed amended complaint and denied leave to amend as futile the decision "constitute[d] a final judgment sufficient to preclude any claims contained in the proposed amended complaint" (citing *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999))). Plaintiff's proposed amended complaint in *Brown II* included claims for CUTPA violation, negligence, and fraud. (*See Brown II*, Mot. to Amend Compl. [Doc. # 23].) Thus, Plaintiff's CUTPA, fraud, and negligence claims in the present action are also precluded by Judge Droney's denial of the motion to amend in *Brown II*. Furthermore, to the extent that Plaintiff alleges the new claims of gross negligence and obstruction of justice in violation of 18 U.S.C. §§ 1501–07 for the first time in this action, these claims fail as a matter of law because Connecticut does not recognize a private cause of action for gross negligence as distinct from negligence, *see Gersich v. Enterprise Rent A Car*, No. 3:95CV01053(AHN), 1995 WL 904917, at *2 (D. Conn. Nov. 20, 1995), and 18 U.S.C. §§ 1501–07 is a federal criminal statute that does not give rise to a private cause of action. *See De Haven v. Schwarzenegger*, 123 F. App'x 287, 289 (9th Cir. 2005) ("[O]bstruction of justice is a criminal charge that does not provide a private cause of action."). *Cf. Clissuras v. City Univ. of New York*, 90 F. App'x 566, 567 n.1 (2d Cir. 2004) ("In their cavalcade of claims, plaintiffs make creative arguments regarding obstruction of justice and theft of identity. These claims are either time–barred or do not constitute private federal causes of action, or both.")

Plaintiff's insurance claim and during the *Brown I* litigation at several points during the course of *Brown II*. (*See, e.g.*, *Brown II*, Pl.'s Mem. Supp. of Mot. Summ. J. [Doc. # 8].) Thus, the evidence in support of and the facts essential to Plaintiff's present claim were before the court in *Brown II*, and all of the alleged misstatements had occurred prior to the entry of judgment in that action. Furthermore, each of Plaintiff's claims arises from the same transaction or series of transactions in that Plaintiff's claims all relate to Defendant's actions in denying his insurance claim and its continued denial of that claim during the litigation of the original coverage dispute in *Brown I*. For these reasons, the claims at issue in this action could have been brought in *Brown II*, and thus constitute the same "cause of action" for res judicata purposes. Therefore, all of Plaintiff's claims are barred by the doctrine of res judicata.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion [Doc. # 41] to Dismiss is granted. The Clerk is directed to enter judgment in favor of Defendant and to close the case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of March, 2013.