UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALSTON BROWN,<br>    *Plaintiff,*<br>    *v.*<br>STATE FARM FIRE AND CASUALTY COMPANY,<br>    *Defendant.* | Civil No. 3:11cv1435 (JBA)<br><br>December 4, 2013 |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Ralston Brown, proceeding pro se, brought this action against Defendant State Farm Fire and Casualty Company alleging negligent misrepresentation, gross negligence, negligence, obstruction of justice, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and three counts of fraud arising from Defendant's denial of Plaintiff's claim for insurance proceeds and the subsequent litigation regarding that denial. (*See* Amend. Compl. [Doc. # 40].) Defendant moved to dismiss the action in its entirety, arguing (1) that Plaintiff's claims were barred under the doctrine of res judicata, (2) that the Court lacked subject matter jurisdiction because Plaintiff could not show that the amount in controversy exceeded $75,000, (3) that the action should be dismissed under the *Colorado River* abstention doctrine, and (4) that Plaintiff failed to state a claim for which relief can be granted. (*See* Def.'s Mot. to Dismiss [Doc. # 41].)

The Court granted [Doc. # 46] Defendant's motion to dismiss, holding, pursuant to the doctrine of res judicata, that Plaintiff's claims were barred by Judge Droney's ruling granting Defendant's motion for summary judgment in Plaintiff's prior federal suit related to this insurance coverage dispute. *See Brown v. State Farm Fire and Casualty Company*, No. 10cv833 (CFD) (hereinafter "*Brown II*"), 2011 WL 4396747 (D. Conn. Sept. 20, 2011). The Court further held that to the extent that Judge Droney denied as

futile Plaintiff's attempts to amend his complaint in *Brown II* to add many of the claims alleged in the present suit, that ruling also had preclusive effect.  (*See* Ruling on Mot. to Dismiss at 6 n.2.)  Finally, the Court held that Plaintiff's claims for gross negligence and obstruction of justice failed as a matter of law.  (*See id.*)  Plaintiff now moves [Doc. # 50] for reconsideration of the Court's ruling.  For the following reasons, Plaintiff's motion will be denied.

II.     **Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matter or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order."  D. Conn. L. Civ. R. 7(c)1.  The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).  This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision.  *Id.*

II.     **Discussion**

Plaintiff moves for reconsideration of the Court's order dismissing this action, arguing (1) that the ruling in *Brown II* cannot have preclusive effect because it was issued four days after Plaintiff filed the Complaint in this action; (2) that the allegations in

*Brown II* are different from the allegations in this case because *Brown II* was a suit for recovery of insurance proceeds while the instant action relates to Defendant's alleged fraud in denying Plaintiff's insurance claim; and (3) that res judicata cannot bar this suit because the Court granted Plaintiff leave to amend his complaint.[1]

Plaintiff argues that this suit cannot be barred under the doctrine of res judicata because the present suit was filed four days before a final judgment on the merits was entered in *Brown II*. Courts have recognized a general rule that "as between actions pending at the same time, res judicata attaches to the first judgment regardless of the sequence in which the actions were commenced." *Federal Practice & Procedure* § 4404; *see also Gresham Park Cmty. Org. v. Howell*, 652 F.2d 1227, 1241 (5th Cir. 1981), *overruled on other grounds*, *Wood v. Orange Cnty.*, 715 F.2d 1543 (11th Cir. 1983) ("[T]he general rule is that a judgment has preclusive effect in all suits pending at the time of decision, regardless of when the pending suit was filed."); *Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir. 1977) ("[I]t is clear that even though the Southern District action was filed before the Eastern District action, when the latter proceeded to final judgment first it became a bar to the former if the underlying claims are the same."). "This rule is supported in part by the time-honored tradition that a second court is often free to proceed with an action instituted on the same claim as a prior in personam action." *Federal Practice & Procedure* § 4404 (citing *Chicago R. I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 615–617 (1926)). Thus, although this Court had jurisdiction over Plaintiff's claims at

---

[1] Plaintiff also argues that Defendant's opposition [Doc. # 51] to his motion to dismiss was untimely and should therefore be disregarded by the Court. Pursuant to Local Rule 7(a), Defendant's opposition was due twenty-one days after Plaintiff's motion for reconsideration was filed on April 22, 2013. Therefore, Defendant's opposition was timely. Furthermore, even if Plaintiff's motion for reconsideration had been unopposed, the Court would still conclude that it lacks merit.

the time they were filed, as soon as the final judgment was entered in *Brown II* and Defendant raised the issue of res judicata in this case, Plaintiff's claims were barred by that prior judgment. *See DiMauro v. Pavia*, 492 F. Supp. 1051, 1060 (D. Conn. 1979) *aff'd*, 614 F.2d 1286 (2d Cir. 1979) ("A decree may be relied upon as res judicata although it is rendered after the initiation of proceedings in which the bar is then asserted." (citing *Princess Lida v. Thompson*, 205 U.S. 456 (1939)).  Therefore, the sequence in which Plaintiff's prior actions were filed and proceeded to judgment does not alter this Court's conclusion that res judicata bars the present suit.

Plaintiff also argues that the allegations in *Brown II* were unrelated to the instant action and that res judicata is therefore inapplicable.  The Court addressed this argument in its ruling on Defendant's motion to dismiss and concluded that it was without merit.  (*See* Ruling on Mot. to Dismiss at 5–7.)  This case and the *Brown II* matter arise out of the same transaction or series of transactions in that all of Plaintiff's claims relate to the denial of his insurance claim and the ensuing state court litigation related to that denial.  Plaintiff could have raised his present claims in *Brown II* because all of the alleged misstatements occurred prior to the entry of judgment in that case, and Plaintiff did in fact raise or attempt to raise many of these same issues in *Brown II*.  To the extent that Judge Droney denied as futile Plaintiff's motion to amend his *Brown II* complaint to add his present claims, that decision also has preclusive effect on the instant action.  (*See id.* at 6 n.2.)  Plaintiff has not brought to the Court's attention any facts or case law that it overlooked in its prior ruling that would alter these conclusions.  Therefore, this argument does not present a sufficient ground for the Court to reconsider its prior ruling.

Finally, Plaintiff argues that "[t]his case . . . survived the doctrine of res judicata because this [C]ourt exercised its disc[retion] to hear the issues on the merits by allowing

[P]laintiff the opportunity to amend the September 16, 2011 . . . complaint." (*See* Mot. for Reconsideration at 1.)  Plaintiff cites no case law in support of this argument, nor could this Court locate any.  In permitting Plaintiff to amend his complaint, the Court merely exercised its discretion to afford Plaintiff one final opportunity to address Defendant's anticipated arguments in favor of dismissal, which had been raised during the parties' pre-filing conference.  The Court did not purport to express any opinion on the merits of Defendant's arguments regarding the application of res judicata.  Nor could the fact that Plaintiff amended his complaint have nullified the preclusive effect of the judgment in *Brown II*.  Therefore, the Court concludes that Plaintiff's argument in favor of reconsideration is without merit.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion [Doc. # 50] for Reconsideration is DENIED.

IT IS SO ORDERED.

      /s/                                                           
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of December, 2013.

5